## State Bank of Avon *v.* Luff et al., Appellants.

*Promissory notes—Bill of lading—Set-off—Breach of promise to
give note.*

Where purchasers of goods agree to give a note for the contract
price, and the seller assigns the bill of lading to a bank, and the
bank surrenders the bill of lading to the purchasers on the express
condition that the latter shall give the note, the purchasers are
liable to the bank for the amount thereof, and they cannot set off
the amount of advances previously made to the seller.

Argued January 6, 1921. Appeal, No. 36, Jan. T.,
1921, by defendants, from judgment of C. P. No. 5, Sept.
T., 1918, No. 1591, on verdict for plaintiff, in case of
State Bank of Avon v. William W. Luff and Liberty
Title & Trust Co., executors and trustees under will of
Samuel M. Mallalieu, deceased, and Samuel R. Conrey,
late trading as Mallalieu & Conrey. Before FRAZER,
WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER,
JJ. Affirmed.

200 STATE BANK OF AVON *v.* LUFF, Appellant.

Assumpsit to recover for breach of promise to give note in consideration for delivery of goods. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,725.28. Defendant appealed.

*Error assigned,* among others, was refusal of motion for judgment n. o. v., quoting record.

*Lewis Lawrence Smith,* for appellants.

*Lester B. Johnson,* of *Scott, Van Dusen, Archbald & Johnson,* for appellee.

OPINION BY MR. JUSTICE KEPHART, February 14, 1921:

Plaintiff sued to recover for the breach of a promise to give a note in consideration for the delivery of goods. As a result of business negotiations between defendants and the Champion Drill Company, the former advanced $1,484.81 to the drill company, and it was arranged to deduct 25 per cent from the contract price on all subsequent purchases and thus liquidate the advancement. Accordingly, the drill company received from defendants an order, which, through lack of funds, it was unable to fill, and it made application to plaintiff bank for a loan to complete the order. Plaintiff had already advanced a large sum of money, much more than the note, to the drill company, but agreed to advance the amount necessary, $600, to complete the order, on condition the bill of lading for the goods was assigned to the bank. This was accepted, the goods completed and the bill duly assigned to plaintiff. Under the terms of purchase from the drill company, defendants were to give a note for the balance due, $1,556.50. The bill of lading was sent to plaintiff's agent in Philadelphia with instructions to obtain the note before surrendering the goods.

Defendants, after some correspondence with plaintiff, secured the bill for the purpose of checking up the shipment, and if the goods were as ordered the note demanded was to be given. No complaint was made about the shipment, but defendants, having discovered the unsatisfactory financial condition of the drill company, attempted to deduct the entire balance due them from the invoice, and tendered payment with their note for $296.69. This was refused and the present action instituted, resulting in verdict and judgment for plaintiff.

It is contended the advance made by the bank was special to this shipment, embodying only the sum necessary to get the shipment out, and the bill of lading was merely pledged to secure this independent interest. Defendants, in their affidavit, did not set up a bailment but claimed an unqualified right to deduct the entire balance due them. Under the pleadings, the court was correct in instructing the jury that if they believed the note was to be given, after satisfactory inspection, their verdict should be for the plaintiff, and if there was no agreement to give the note for a particular amount, all that plaintiff would be entitled to recover would be $296.69. There was no violation of the agreement between the drill company and the defendants for a reduction of the 25 per cent, and the contract sued upon is that contained in the letter of April 5, 1918, wherein defendants, if the goods were satisfactory, agreed to deliver the note for the net contract price of $1,556.50. In the letter they say, "If on checking the car out any shortages are found we will simply hold back that much of the original amount until corrections are made...... We would suggest that you get in touch with Mr. Isham [president of the drill company] and then notify the Franklin National Bank to surrender the bill of lading to us so that we may take possession of the goods as soon as they arrive and save for someone demurrage charges, and let us send the note payable to the

Champion Drill Co. and mail it to you the day after the goods are checked over."

The assignment of the bill of lading to the bank was not denied, and it carried with it control of the goods with the right to stipulate for the note before delivery of the bill. As there was no evidence to sustain the contention that the bill was assigned as collateral for the $600 advance, and as it is clear such amount was advanced to complete the order only on condition that an absolute sale was made as herein indicated, and as the independent interest was more than the amount of the note, the principle of law, which appellant contends for, to wit, vendee's right to set off his claim against the assignee, could not arise, even if we were to conclude such right existed notwithstanding the agreement to accept 25 per cent on the contract price. The bank surrendered possession on the express condition that defendant would give the note.

We find no merit in the other assignments and they are overruled.

Judgment affirmed.